## 61797. BEN TROVATO PROPERTIES, INC. v. STRAUSS.

BIRDSONG, Judge.

Construction warranty. Richard Clamon doing business as Ben Trovato Properties, Inc. entered into a contract with Richard Strauss to build Strauss a home in a subdivision near Roswell. The closing on the home was December 10, 1976. The construction agreement contained a clause that provided that the seller (Clamon) warranted construction for a period of one year after closing and that the warranty was to survive the closing. After the closing, Strauss presented a lengthy punch list to Clamon for correction. All but three of these items were corrected satisfactorily. Ultimately one more was corrected to Strauss' satisfaction, leaving two matters unsatisfied. One involved the unevenness of the dining room floor and the second a perpetually wet basement wall. Strauss brought suit against Clamon seeking damages for negligent and unworkmanlike construction amounting to a breach of the construction warranty. The trial court found that Clamon had satisfactorily corrected the

dining room floor but found for Strauss for damages caused by the failure of Clamon to waterproof the foundation wall. Though there was disputed evidence, the trial court (at a bench trial) was warranted in finding that Clamon ordinarily used an asphalt coating or similar substance which was dark in color and that this substance normally was applied to the portion of the foundation that was underground. An expert called by Strauss testified that many builders in the Atlanta area used a cement based "parge" coating which was only partly water resistant and therefore in addition to the parge coat the builder would utilize a membrane shield such as polyurethane or other waterproofing substance. The expert testified that a parge coat alone (without a membrane of waterproofing additives) was not in conformity with local builders' standards. An examination of the foundation wall which leaked indicated that Clamon apparently had applied stucco to the above ground wall and continued that same stucco below the ground level. No evidence of asphalt, other dark substance or membrane was found. Clamon brings this appeal enumerating three errors. *Held:*

1. In his first enumeration of error, Clamon argues that the trial court used the wrong standard of care in determining accountability. Clamon contends that the proper standard of care for a builder is that which like builders in the community utilize. We completely agree with the contention. However, we disagree with the interpretation placed upon the evidence of Strauss' expert and as contended by Clamon. Clamon contends that the expert placed the standard of care of a professional waterproofer upon Clamon who was only a builder. Clamon thus argues that all the builder was required to do was to utilize a parge coat in order to satisfy the builder's minimal obligation to waterproof a house. In fact, as the court was entitled to view the evidence, the expert testified that any builder would be required to use some additional substance or device besides the parge coat and that failure to do so would be in violation of the standard ordinarily required in the local area. Even Clamon testified that he routinely utilized an asphalt based application (either as a part of or in addition to a parge coating) to the foundation wall below the ground level. There is no real dispute that such a dark or asphalt base coat was not used on the leaking wall in Strauss' home. We conclude therefore that the trial court did not apply the incorrect standard of care against Clamon in judging his waterproofing work.

2. Clamon also contends that waterproofing, as such, is not a part of construction and therefore was not subject to the construction warranty. We reject this argument. It is not seriously disputed that the construction drawings required Clamon to waterproof the foundation walls. The drawings clearly showed that requirement.

Thus we conclude that defective waterproofing is as much a matter of construction as warped closet doors or sticking windows and like defects. Clamon argues that his requirement as a builder is to build a home and place that home on a foundation; that he did this and this is all the construction of the home required him to do. If that argument should be accepted, then so long as a building in the typical appearance of a home was completed the builder would have fulfilled his obligation notwithstanding that nothing worked properly and the home as such was completely unusable. We believe that construction warranties at least imply that a home will be usable as a home (the purpose for which it was constructed), and that a perpetually wet basement wall reduces or nullifies the effective use of the house.

Moreover, Clamon argues that because the waterproofing was not a part of construction, the earlier warranty agreements contained in the building contract merged in the warranty deed furnished Strauss at the closing and became barred by the doctrines of merger and caveat emptor. We have recently considered this argument in *Holmes v. Worthey,* 159 Ga. App. 262 (1981) and conclude that these arguments are not applicable for the reasons given in that case. In any event, the warranty was expressly intended to survive the closing, and caveat emptor is not a defense to an action on a warranty breach. See *Holmes,* supra.

3. Based upon the above arguments, Clamon moved the trial court for a directed verdict claiming that he had complied with the standards of care imposed upon builders in the Atlanta area and that waterproofing was not a construction requirement and therefore did not survive the closing. For the reasons stated in the above division, the trial court did not err in denying that motion.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 11, 1981.

*Herbert H. Gray III, K. Morgan Varner III,* for appellant.
*David K. Whatley,* for appellee.